## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| KEISHA L. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:23-cv-1865 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| TRANSPORTATION, JULIE FOREMAN, | ) |
| and WILLIAM T. GEIBEL, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT WITH JURY DEMAND

Plaintiff, by counsel, for her Complaint against the Indiana Department of Transportation, Julie Foreman, and William T. Geibel, states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. This suit is also brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et. Seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a et seq. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 200d-7, 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 29 U.S.C. § 626, 29 U.S.C. § 794a, and 42 U.S.C. § 12117(a).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Keisha L. Lewis is a Black woman. She is a citizen of the United States and at all relevant times has been a resident of Marion County, Indiana.

4. The defendant, Indiana Department of Transportation ("INDOT") is a corporate, governmental body created pursuant to the laws of the State of Indiana.

5. INDOT is a recipient of federal funding.

6. INDOT is a "person" and an "employer" within the meaning of Title VII.

7. The defendant, INDOT, is a party to a contract with the Plaintiff within the meaning of 42 U.S.C. § 1981.

8. At all relevant times, Lewis was an "employee" of INDOT within the meaning of the Rehabilitation Act and Title VII.

## PLAINTIFF LEWIS'S EMPLOYMENT WITH THE STATE OF INDIANA

9. Lewis was first employed by the State of Indiana beginning on March 16, 2009, at the Indiana Department of Child Services as a Family Case Manager. She worked in that role until approximately June 2012, when she began working in the DCS Central Eligibility Unit.

10. She worked in the DCS Central Eligibility Unit until December 2014, when she transferred to the Indiana Department of Transportation where she began working as a right-of-way specialist.

11. She worked in the right-of-way specialist position until March 2021, when she was promoted to Relocation Supervisor.

12. At the time of her promotion, Lewis's supervisor was William T. Clift.

13. Lewis worked in that position until she was terminated on December 20, 2022.

14. Lewis was the only Black employee in her department.

15. At the time of Lewis's termination, Julie Foreman was her supervisor; she became Lewis's supervisor on July 1, 2022.

16. On October 14, 2008, Lewis underwent a kidney transplant due to suffering from Stage 4 Chronic Kidney Disease and Renal Failure.

17. Due to the transplant, she is at increased risk for complications from COVID-19 because she has to continue take immunosuppressants which reduce her immune capabilities.

18. Lewis's status as a kidney transplant recipient who receives continuing treatment is a disability protected by the Rehabilitation Act.

19. After the onset of the COVID-19 pandemic in March 2020, all non-essential employees, including Lewis, were required to work 100% remotely.

20. Lewis and all other non-essential workers worked 100% remotely from March 2020 until approximately February or March 2022, when employees began working hybrid schedules in anticipation of a transition back to work.

21. At that time, Lewis worked a hybrid schedule that she believed she had been required to work by Indiana Personnel guidelines.

22. However, Lewis was in fact eligible for an accommodation due to her immunocompromised status that would allow her to work 100% remotely.

23. This accommodation was established by the Indiana State Personnel Department on March 7, 2022, and applied to several categories of employees who, like Lewis, are immunocompromised and were at risk of increased complications from COVID-19.

24. Lewis exercised her right to this accommodation in August 2022. She discovered the availability of this accommodation when she began researching Indiana's COVID accommodation policies due to her daughter's positive test for the COVID-19 virus that month.

25. She filled out an accommodation request for the 100% remote leave, which was approved by the State Personnel Department on September 1, 2022.

26. On September 16, 2022, Lewis's new supervisor, Julie Foreman, retaliated against Lewis for working remotely by instructing other employees not to assist Lewis with her duties.

27. Lewis's supervisor issued this directive despite the fact that Lewis herself assisted employees who were not working remotely with their duties.

28. After Lewis complained about the double standard, Foreman further retaliated by assigning Lewis to appear on daily 8:00 a.m. phone calls that other employees did not have to attend.

29. Foreman also discriminatorily stereotyped Lewis based on her disability; claiming that if Lewis worked remotely she should not be able to go out in public on her own time.

30. Foreman also subjected Lewis to heightened scrutiny in an attempt to find grounds to discipline her after Lewis filed her grievance with the State of Indiana Personnel Department.

31. Foreman intentionally made Lewis's job more difficult and denied her training opportunities which are required for annual Employee Performance reviews, to retaliate against her for exercising her rights under the ADA.

32. Lewis complained internally about Foreman's conduct to Foreman's supervisor, William T. Geibel.

33. Geibel began to retaliate against Lewis by increasing Lewis's duties.

34. Lewis filed a formal complaint about Foreman's conduct and Geibel's conduct to the Indiana State Personnel Department.

35. The State Personnel Department dismissed Lewis's grievance on December 12, 2022.

36. INDOT terminated Lewis as a result of the complaint on December 20, 2022.

37. INDOT replaced Lewis with a remote contractor, retired former supervisor William T. Clift, who performed the duties of the job from Florida.

## ADMINISTRATIVE PROCEDURES

38. On January 12, 2023, Lewis submitted a formal EEOC charge, alleging disability discrimination, race discrimination, and retaliation.

39. After more than 180 days passed, the EEOC issued Lewis a Notice of Right to Sue.

40. Lewis has ninety (90) days from her receipt of the Notice of Right to Sue to file a Complaint which time has not passed.

## COUNT I – DISABILITY DISCRIMINATION

41. All preceding paragraphs of this Complaint are incorporated herein by this reference.

42. Lewis is a qualified individual with a disability under the Rehabilitation Act, which incorporates the ADA as amended by the ADAAA, as defined in 42 U.S.C. §§ 12102 (1) and 12131(2).

43. Lewis has a record of a disability and was regarded as having a disability by the Defendant INDOT.

44. INDOT engaged in unlawful discrimination in violation of the Rehabilitation Act, when terminated Lewis because she had sought a reasonable accommodation for her disability.

45. INDOT further engaged in unlawful discrimination in violation of the Rehabilitation Act, when it terminated Lewis because of her disability, record of disability, and perceived disability.

46. INDOT engaged in discriminatory treatment of Lewis on the basis of disability and acted with malice or reckless disregard with respect to Lewis's rights as an individual with a disability.

## COUNT II – RACE DISCRIMINATION UNDER TITLE VII

47. All preceding paragraphs of this Complaint are incorporated herein by this reference.

48. INDOT engaged in unlawful race discrimination in violation of Title VII when it terminated the Plaintiff.

## COUNT III – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

49. All preceding paragraphs of this Complaint are incorporated herein by this reference.

50. Defendants Foreman and Geibel impaired Plaintiff's right to the performance, benefits, privileges, terms, and conditions of Plaintiff's continuing employment relationship with INDOT.

51. Defendants Foreman and Geibel acted under color of State law.

## COUNT IV – RETALIATION UNDER THE REHABILITATION ACT

52. All preceding paragraphs of this Complaint are incorporated herein by this reference.

53. INDOT engaged in unlawful retaliation in violation of the Rehabilitation Act when it changed the terms and conditions of Plaintiff's employment and/or terminated the Plaintiff because of her complaint of disability discrimination.

## COUNT V – RETALIATION UNDER TITLE VII

54. All preceding paragraphs of this Complaint are incorporated herein by this reference.

55. INDOT engaged in unlawful retaliation in violation of Title VII when it changed the terms and conditions of Plaintiff's employment and/or terminated Plaintiff's employment because of her complaint of race discrimination.

## COUNT VI – RETALIATION UNDER 42 U.S.C. § 1981

56. All preceding paragraphs of this Complaint are incorporated herein by this reference.

57. The individual Defendants engaged in unlawful retaliation in violation of 42 U.S.C. § 1981 when they changed the terms and conditions of Plaintiff's employment and/or terminated Plaintiff's employment because of her complaint of race discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keisha L. Lewis prays for the judgment of this Court against all three Defendants providing the following relief:

A. Injunctive relief, including reinstatement to her former position or, if reinstatement is not feasible, a reasonable period of front pay.

B. An award of back pay with prejudgment interest for the wages and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendants' race discrimination and retaliation.

C. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress and mental anguish that she has suffered because of Defendants' discriminatory conduct.

D. Punitive damages payable by the individual Defendants due to their reckless disregard of Plaintiff's rights under federal law and to deter the individual Defendants and others from engaging in similar conduct in the future.

E. An award of attorneys' fees and costs.

F. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff

**MACEY SWANSON LLP**
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204
Phone: (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com